# HAND | BALDACHIN | ASSOCIATES LLP
## LAW OFFICES

1740 Broadway
15th Floor
New York, NY 10019

dir 212.956.9508
tel 212.956.9500
fax 212.376.6080
amichaels@hballp.com

December 26, 2022

**VIA ECF**

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *Slade v. Yummers Pet Supply Corporation,*
     1:22-cv-08694 (LGS)

Dear Judge Schofield,

  We are counsel to Yummers Pet Supply Corporation ("Defendant") and I write to address the parties' settlement and to present the parties' joint request for judicial approval of the Consent Decree enclosed herewith.

  Plaintiff's class action Complaint alleges that Defendant's website is a place of public accommodation which is not accessible to visually disabled persons in violation of the Americans with Disabilities Act, the New York State Human Rights Law, the New York State Civil Rights Law, and the New York City Human Rights Law. While Defendant does not admit liability, we have reached an early settlement with plaintiff individually in order to avoid the cost and inconvenience of litigation and to address the issues raised by this action in a mutually acceptable fashion. We hereby request that the Court so-order the Consent Decree, which has been fashioned as a reasonable resolution of the plaintiff's claims.

  The Consent Decree "(1) springs from and serves to resolve a dispute within the court's subject-matter jurisdiction, (2) comes within the general scope of the case made by the pleadings, and (3) furthers the objectives of the law upon which the complaint was based." *Kozlowski v. Coughlin,* 871 F.2d 241, 244 (2d Cir. 1989) (internal bracketing omitted) (citing *Local Number 93, Int'l Ass'n of Firefighters v. City of Cleveland,* 478 U.S. 501, 525 (1986)); *accord, Crosson v. Popsockets LLC,* No. 19-cv-200 (CBA)(LB), 2019 WL 6134416, at *2 (E.D.N.Y. Oct. 8, 2019), *adopted by* 2019 WL 6134153 (Nov. 19, 2019); *Riverkeeper, Inc. v. MLV Concrete Inc.,* No. 14-cv-3762 (LDH)(PK), 2017 WL 3172897, at *2 (E.D.N.Y. June 26, 2017), *adopted by* 2017 WL 3172859 (July 25, 2017). S*ee also, Figueroa v. Arhaus, LLC*, No. 18 Civ. 10491 (GWG) (S.D.N.Y. Feb. 20,



H AND  B ALDACHIN  A SSOCIATES  LLP

The Hon. Lewis J. Liman
December 26, 2022
Page 2

2019) (DE16) (applying the above standard in a similar ADA action to approve a consent decree in an action between private parties).

   Additionally, the Consent Decree is designed to serve as a shield for Defendant against claims by other potential plaintiffs who may come forward to assert similar claims based on the putative access violations that are being addressed and resolved pursuant to this settlement. Duplicative suits have been a recurring problem in similar matters handled by my law firm and other attorneys defending these matters around the country.

   My firm has resolved several very similar ADA website class actions in this Court in which other judges have approved virtually identical consent decrees.

   We respectfully request that Your Honor approve the enclosed Consent Decree for all of the reasons identified above.

   Thank you for your consideration.

Respectfully,

Adam B. Michaels

cc: All counsel of record (via ECF)

Encl.

